[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This case arises from an automobile accident which occurred on August 10, 1993 as a result of which the plaintiff seeks money damages for personal injuries. This present action was instituted on August 1, 2000, well beyond the statute of limitations for negligence actions set forth in General Statutes § 52-584. An earlier action against the defendants brought within the statute of limitations was the subject of a disciplinary non-suit on September 1, 1999. The plaintiff, therefore, seeks to avoid the consequences of § 52-584 by utilizing the accidental failure of suit statute, General Statutes § 52-592.
The defendants have now moved for summary judgment in their favor on the ground that § 52-592 is not available to the plaintiff under the CT Page 12433 circumstances of this case according to current case law as enunciated both at the trial court and appellate court level. The issue of whether § 52-592 is applicable to this case is a legal issue to be resolved by the court and may therefore be raised through a motion for summary judgment. Gillum v. Yale University, 62 Conn. App. 775, 785 (2001).
The plaintiff raises two issues in response to the defendants' motion. First, he claims that he should not be penalized for the neglect of his former attorney and submits an affidavit in which he states that he was not aware of the failure of his attorney to prosecute this case with due diligence. Second, even if his former attorney's actions are such as to be deemed attributable to him, they are not such as to result in the provisions of § 52-592 being inapplicable to the present case.
As to the first of the plaintiff's claims, it is the opinion of the court as between the defendants and a plaintiff who has chosen an attorney whose neglect is at issue, it is the plaintiff who is bound by such neglect. See Link v. Walash Co., 370 U.S. 626, 633-34 n. 10,82 S.Ct. 1386, 8 L.Ed.2d 734 (1962): Ruddock v. Burrows, 243 Conn. 569, 575
(1998). Indeed in virtually all of the cases in which this issue arises it is the neglect of the attorney rather than the client which gives rouse to a disciplinary dismissal. While this may appear to lead to a harsh result, it is no different than a situation where an attorney fails to institute an action within the applicable statute of limitations. Clearly, under such circumstances the party plaintiff cannot avoid the bar of the statute of limitations by claiming that such neglect was that of his attorney rather than his own.
The plaintiff claims that the language of § 52-592(a) supports his claim that neglect on the part of his attorney is sufficient to trigger its applicability. Section 52-592(a) provides:
 If any action, commenced within the time limited by law, has failed one or more times to be tried on its merits because of insufficient service or return of the writ due to unavoidable accident or the default or neglect of the officer to whom it was committed, . . . or for any matter of form . . . the plaintiff . . . may commence a new action . . . for the same cause at any time within one year after the determination of the original action. . . . (Emphasis added.)
The plaintiff argues that the term "officer" as used in the statute includes his attorney. This court does not agree and is of the opinion that such term refers to the person to whom the unit was delivered for the purpose of making service. CT Page 12434
As noted above, the plaintiff also claims that the history of the first case which was the subject of the disciplinary non-suit, is not such that should preclude the applicability of § 52-592.
In order to avail himself of the benefits of § 52-592 the plaintiff has the burden of showing that the prior dismissal for the first action was a "matter of form" in the sense that the plaintiff's noncompliance with a court order occurred in circumstances such as mistake, inadvertence or excusable neglect. Ruddock v. Burrows, supra at p. 577. "Disciplinary dismissals do not in all cases demonstrate the occurrence of misconduct so egregious to bar redress to § 52-592". Id. at p. 576. Thus each case must be evaluated based upon its own factual circumstances.
The history of the first case between these parties is not in dispute and is supported by documentation attached to the defendants' motion for summary judgment, including an affidavit of Jack Lucas, defendant's counsel in that case.
The plaintiff's first action was commenced in July of 1995. Standard interrogatories were propounded on August 22, 1995. The plaintiff moved for an extension of time in which to comply for sixty days which was granted without opposition. Compliance not forthcoming, on January 3, 1996 the defendants moved for a non-suit. The plaintiff filed answers to the defendants' discovery requests dated January 26, 1996 which the defendants considered inadequate. The defendants therefore again moved for non-suit by motion dated July 15, 1996 which motion was denied as the plaintiff's compliance was not before the court. The defendants again moved for non-suit by motion dated December 6, 1996 for failure of the plaintiff to fully comply with discovery. The court denied the motion without prejudice, but ordered the plaintiff to respond by November 17, 1997. The plaintiff did not respond to discovery requests by November 17, 1997.
On December 30, 1998 the plaintiff was deposed but such deposition was not completed and the deposition was continued and re-noticed on numerous occasions but on each occasion was postponed at the request of plaintiff's counsel. The purpose of continuing the deposition was for the plaintiff to provide certain documents which the defendants claim should have been disclosed via the standard discovery requests.
The deposition of the plaintiff was re-noticed for April 27, 1999 at which time plaintiff's counsel called defense counsel and indicated that he would probably not be present and that his client did not want to appear for the deposition. Neither the plaintiff nor his attorney appeared CT Page 12435 for the deposition. Again the defendants moved for non-suit for failure of the plaintiff to appear at his continued deposition.
At a status conference held at the Bridgeport Superior Court on February 25, 1999 both counsel agreed in writing to a pre-trial date of September 1, 1999 with the understanding that the case would be exposed for trial during the week of November 8, 1999. Plaintiff's counsel failed to appear for the scheduled pre-trial and could not be reached by the court by telephone. A judgment of non-suit was entered by the presiding judge for failure to appear at the pre-trial.
No motion was filed to open the judgment of non-suit and the outstanding motion for non-suit for failure to appear at the deposition was rendered moot.
This present action was instituted by service of process on August 1, 1999.
The question for the court is whether the dismissal or non-suit as to the initial action between the parties was a matter of form in the sense that it resulted from circumstances such as mistakes, inadvertence, or excusable neglect. The plaintiff has the burden of establishing his right to avail himself of the benefits of § 52-592.
The initial case has a history of neglect almost from its outset, including failure to comply with discovery requests, failure to appear at a deposition and finally failure to attend a scheduled pre-trial conference. This court cannot conclude that the non-suit entered with respect to the first case on September 1, 1999 was a matter of form as that phrase is used in the Ruddock case. Thus the plaintiff is not entitled to rely upon § 52-592 to avoid the statute of limitations set forth in § 52-584.
As the plaintiff's present counsel points out this is arguably an unfair result as to a plaintiff who may have had no part in his former attorney's neglectful conduct. On the other hand the court cannot ignore the rights of a defendant to have finality in litigation which results from an automobile accident which occurred over eight years ago.
Plaintiff's current counsel argues that his former counsel is now disbarred and in parts unknown and therefore it is unlikely that a malpractice claim against him would result in any recovery. While that may be the case, the outcome of this action cannot depend upon the likelihood or lack therefore of a claim against the plaintiff's former counsel. CT Page 12436
For the reasons set forth above, the defendants' motion for summary judgment is granted.
By the Court,
Bruce W. Thompson, Judge